MEMORANDUM **
This bankruptcy dispute arises out of a state divorce action in which Jacqueline Melcher was ordered to sell a 3.75 acre property on Martha’s Vineyard (“Stonewall”) and split the proceeds with her ex-husband Terry Melcher. The Superior Court of California, Monterey County, ordered that Jacqueline accept a $12 million cash offer for Stonewall. Jacqueline did not want to lose Stonewall and appealed the order to the California Court of Appeal. The trial court granted her request for a supersedeas bond, fixing it at $7.24 million and requiring it to be posted within five days. Jacqueline did not post the bond. On June 28, 2001, twelve hours before escrow closed on the Stonewall sale, Jacqueline filed a voluntary Chapter 11 petition in the U.S. Bankruptcy Court for the Northern District of California. Because of the automatic stay, the sale could not proceed.
*456 During the next three-and-a-half years, various plans of reorganization were filed by Terry, Jacqueline, and the creditors’ committee, none of which were confirmed. In November, 2004, Terry died. In January, 2005, Jacqueline proposed a new plan of reorganization (“Plan”). The Plan provided that Stonewall would remain the property of the bankruptcy estate and subject to the automatic stay until “all of the issues in the [divorce proceedings] have been determined by final and non-appeal-able orders, except those involving child or spousal support.”
Just prior to the Plan’s confirmation by the bankruptcy court, the California Court of Appeal affirmed the Monterey County Superior Court in all respects, and the California Supreme Court denied a petition for review. But Jacqueline brought a new suit in Los Angeles Superior Court.
It would not be unreasonable to construe the Plan as postponing the sale of Stonewall only until the end of the divorce action in Monterey. However, Jacqueline’s new suit in Los Angles has continued to delay termination of the bankruptcy. On appeal, the Bankruptcy Appellate Panel has found that Jacqueline did not file the Plan in good faith but to keep Stonewall from being sold.
It is time to bring this abuse of the bankruptcy process to an end. We affirm the judgment of the BAP.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.